## INTERNATIONAL PLASTIC HARMONICA CORPORATION v. HARMONIC REED CORPORATION et al.

### Civil Action No. 5364.

District Court, E. D. Pennsylvania.
July 2, 1946.

George V. Strong, of Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price & Smith, and E. H. Cushman, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

International Plastic, a New Jersey corporation, brought suit for patent infringement against Harmonic Reed, a Delaware corporation, claiming ownership of patents in suit by virtue of an assignment from Finn H. Magnus, the inventor. The defendant was served with process at its place of business in this district and thereafter filed an answer and counterclaim. The counterclaim was for infringement of the same patents and was based upon the allegation that the defendant had acquired virtual ownership of them by an exclusive license from the inventor, prior in date to his assignment to the plaintiff. The counterclaim was also, in effect, a third party pleading, naming Magnus as a co-defendant and asserting claims against him.

Magnus, a resident of New Jersey, was not served until May 11, 1946, the day upon which the case was called for trial. He appeared in court voluntarily as a witness for the plaintiff and service upon him was made as he left the building at the noon recess. He now moves to quash the writ of summons on the ground of the common law immunity of a witness attending court in a pending action.

The policy of the immunity claimed, the reason for it, its scope and the limitations upon it are fully discussed in Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 318, 76 L.Ed. 720. The policy is to maintain court proceedings completely free from any interference with the progress of the cause pending, which might arise from the fact that witnesses and others whose presence is necessary to the administration of justice might be afraid to attend the court if they knew they ran the risk of being served with process in suits against them, away from their domicile. It is founded not upon the convenience of individuals but of the court itself. If a case arises where the immunity, if allowed, "might paralyze the arm of the court and defeat the ends of justice" then it will not be accorded to the claimant. Obviously, every consideration of the policy is in favor of maintaining the immunity unless it involves something more serious than mere inconvenience to litigants. The fact that it may preclude a short cut to the final disposition of all controversies connected with the subject matter at issue is not sufficient. This latter consideration is, in effect, the one urged by the defendant in this case.

Lamb v. Schmitt, supra, was an illustration of a case where, to sustain the immunity, would have, to a substantial extent, defeated the object of the main suit. A non-resident lawyer attending court to defend his client in a case where the client had received a fraudulent transfer of a bankrupt's property had, himself, under the guise of fees for legal services, obtained some $70,-000 of the property in suit and was in possession of it. A receiver had been appointed in the main suit and his administration of the property transferred could not have proceeded to completion without the Court's getting control of the money which the lawyer had.

The present case is somewhat peculiar, but when the facts are considered it will be seen that there is very little reason, even from the standpoint of convenience, to refuse the privilege claimed. Certainly, to allow it would not amount to defeating or interfering with the complete judicial determination of the rights of the parties in the main suit.

Magnus, himself, claims no title to the patents involved. He first gave the defendant an exclusive license (which may or may not have covered the patents in suit), then terminated it (either justifiably or wrongfully) and assigned the patents to the plaintiff. The sole question is whether the plaintiff or the defendant is entitled to sue for infringement. Even had the service upon Magnus been good, he would have been entitled to an opportunity to answer the issues between him and the defendant, and the case against him would have had to be tried at a later date or else the trial of the whole case would have had to be postponed. The only thing gained by sustaining the service would be that Magnus could be proceeded against in this jurisdiction—a mere matter of convenience to one of the parties. It does not, in my opinion, justify any inroad upon the general principle of immunity of witnesses or parties attending court.

The motion to quash is granted.