## MOFFETT v. ARABIAN AMERICAN OIL CO., Inc.

United States District Court
S. D. New York.
Dec. 20, 1948.

William Power Maloney, of New York City, for plaintiff.

Hughes, Hubbard & Ewing, of New York City (Joseph M. Proskauer and Phillip W. Haberman, Jr., both of New York City, of counsel), for defendant.

White & Case, of New York City (Joseph M. Hartfield, J. Adam Murphy and Robert F. Little, all of New York City, of counsel), for Jesse H. Jones.

KAUFMAN, District Judge.

Jesse H. Jones moves to vacate subpoenas which have been served upon him, requiring his attendance at the trial of this action on January 10, 1949.

For many years the witness has resided, and still resides, in Houston, Texas.

On October 20, 1948, while the witness was in this jurisdiction on a visit, he was served by plaintiff with a subpoena to take his deposition orally on October 26, 1948. On his application to the court, an order was made, after hearing on notice, vacating the subpoena and directing that he submit to examination on written interrogatories. The order further provided that the witness remain within the jurisdiction until five days after the filing of the completed deposition with the clerk of this court, plaintiff to have the right, during said five day period, to apply to the court for a further examination of the witness orally if he believed there were need to supplement the written deposition. The deposition on written interrogatories was completed and filed November 12, 1948, and thereafter, on the same day, plaintiff moved for a further examination of the witness, to be taken orally. Such an examination was directed to be held on November 26, 1948. In the meantime, on November 18, 1948, and prior to the granting of the application for further examination orally, plaintiff had served the witness with a subpoena requiring him to be present at the trial on January 10, 1949. On November 23, 1948, after further oral examination had been directed, but before the examination was held, defendant served the witness with a subpoena requiring him to be present at the trial. These are the subpoenas which the witness now moves to vacate.

Although it is sometimes said in the cases that a nonresident suitor or witness is immune from service of process while going to, at, or returning from, a court or other tribunal which he was necessarily attending, the correct rule is not that broad. The immunity from service proceeds upon the ground that

" * * * a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation."

and does not extend to process which is served in furtherance of the administration of justice in the very cause in connection with which the suitor or witness has come into the jurisdiction. Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720.

Although at the hearing on this application I felt that the witness under the circumstances in this case was immune from the service of the subpoenas, nevertheless, I am now constrained to hold that the witness was not immune from service of such subpoenas.

If, while this witness was at the place of his residence, a subpoena for his attendance at the trial had been sought, authorization for the service thereof would have had to be procured from the court upon "proper application and cause shown". Federal Rules of Civil Procedure, Rule 45(e) (1), 28 U.S.C.A. On such an application, it would have to be made to appear (Benedict v. Seiberling, D.C., 17 F.2d 841, 845) "with

reasonable clarity that they [witnesses] may be brought to testify to facts material to the alleged issue", and if such a showing is not made, the witness will not be put to the inconvenience of attending the trial. Overholser v. DeMarcos, 80 U.S.App.D.C. 91, 149 F.2d 23, 26, certiorari denied 325 U.S. 889, 65 S.Ct. 1579, 89 L.Ed. 2002, was a habeas corpus proceeding to procure the discharge of the petitioner from custody on the ground that he was sane. Two doctors were subpoenaed from the hospital on behalf of petitioner. The doctors sought to be excused on the ground that they had no personal knowledge of the matters involved and that they had heavy duties on the hospital staff. "Acting on the theory that it had no discretion in the matter the court compelled both witnesses to attend." On appeal, this was held error, the court saying:

"Any witness, improvidently called, may make a showing that he has no relevant information on which he can testify and that his attendance at the trial would be a waste of time. On such a showing the court should require a statement from the party who subpoenaed the witness setting out the evidence he expects to obtain. If it appears that the witness can give no relevant testimony the court should not require his attendance."

■ Thus a witness will not be required to appear at a trial at great inconvenience to himself unless it appear that his testimony is necessary to the cause. I see no reason why similar considerations should not apply in determining whether a nonresident who happens to be here temporarily should be required, by subpoena, to return for the trial of a case in this jurisdiction.

■ The witness was examined at length, the transcript of his oral deposition consisting of fifty-five typewritten pages, and his written deposition consisting of fifty-four pages, in answer to one hundred and three questions. There is no claim or showing that the witness has not fully and fairly answered all the questions the parties wished to propound to him, or even that any question which could have been put to the witness was omitted on the examination because it was deemed more appropriate or advisable to reserve it until the trial. In short, the witness has been examined at great length with respect to everything concerning which either party could examine him at the trial and the oral examination was, in large measure, a repetition of questions propounded on the written interrogation. He is upwards of seventy years of age, and no reason is shown for putting him to the strain and inconvenience of returning from Texas to this jurisdiction to repeat at the trial the testimony he has already given in the case by written and later oral depositions under oath.

The motion to vacate the subpoenas is granted. Settle order.