### FERGUSON et al. v. FORD MOTOR CO. et al.

United States District Court,
S. D. New York.

Sept. 26, 1950.

Cahill, Gordon, Zachry & Reindel, New York City, Jerome Doyle, New York City, for plaintiffs.

Cravath, Swaine & Moore, New York City, Bruce Bromley, New York City, for Grant L. Cook appearing specially.

McGOHEY, District Judge.

This is a motion to quash service of the summons, complaint and supplemental complaint upon the defendant Grant L. Cook in an action for damages on account of antitrust law violations and patent infringements. Mr. Cook is a member of the Bar of Michigan, where he resides. He is, and for some years past has been, at-

torney for Dearborn Motors Corporation and Ernest C. Kanzler, its secretary and one of its directors. These defendants, however, are represented in this action by Cravath, Swaine & Moore, Esqs. of New York.

During April and May of this year, Kanzler's deposition was being taken in New York. His local attorneys attended with him and their appearance was noted on the record. Mr. Cook also attended but it is undisputed that he took no active part in the proceedings. Although he is not a member of the bar of this court, his personal appearance was noted and later this was amended to note the appearance by him, of his firm as well. The questioned service was made on him during a recess in the examination on May 17.

This action was begun on January 8, 1948. The complaint alleges that the defendants since 1946 have conspired and in fact succeeded in restraining and monopolizing trade and commerce in farm tractors and implements among the several states and within the Southern District of New York; that the major object of the conspiracy was the destruction of the plaintiff's business and its seizure for the Dearborn Motors Corporation and the other defendants who caused Dearborn to be formed as an instrument in carrying out the conspiracy. The defendant Cook is a director of Dearborn as well as its attorney.

In pursuance of the conspiracy, it is alleged, Ohio Tractor & Implement Company was formed by the other defendants and is controlled and owned directly or indirectly by one or more of the individual defendants; that by means of unlawful pressures by the other defendants on the plaintiff's Ohio distributor, the latter was forced to sell out to Ohio Tractor & Implement Company on or about April 15, 1947. The affidavit in opposition alleges that the defendant Cook helped to finance Ohio Tractor & Implement Company at this very time by joining the defendant Kanzler on April 14, 1947 in personally guaranteeing a loan of $320,000 made in Detroit by the National Bank of Detroit to the Ohio Company. Mr. Cook's guarantee is not denied.

He claims immunity from service as a non-resident present in this district merely as attorney for the defendant under examination.

[1] It is, of course, the general rule "that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another". But it is the privilege of the court, not of the individual. And "the privilege should not be enlarged beyond the reason upon which it is founded". And it "should be extended or withheld only as judicial necessities require."[1]

Mr. Cook was served in this very action in connection with which he was present in the district, so this is not an instance "where the cause pending before the court is subjected to possible hindrance or delay by service of process in some unrelated suit."[2] Accordingly, this case is clearly distinguishable from Union Water Development Co. v. Stevenson[3] which is strongly urged by Mr. Cook's counsel. The opinion in Stevenson's case clearly states that while he was in California as witness in the state court in one action, he was served in two other state actions which were then removed to the Federal court which sustained his claim of immunity. There is nothing in the opinion to suggest that there was any relation between the cause in which he was a witness and either of those in which he was served. The facts here are more analogous to those in Lamb v. Schmitt[4] where the challenged service was in a cause which, though separate in form from the one in which Lamb was attorney, was so closely related as to be actually part of it. Lamb was attorney for a defendant in an action to set aside conveyances of land and other

1. Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720.

2. Lamb v. Schmitt, supra, 285 U.S. at page 227, 52 S.Ct. at page 319.

3. D.C., 256 F. 981.

4. See note 1.

dispositions of personal property in fraud of creditors. Schmitt was appointed receiver. He brought suit as such against Lamb to recover some of the funds involved in the principal suit, which during the trial of that suit had been paid to Lamb as fees. Lamb, a resident of Illinois, was served while he was in the Northern District of Mississippi attending court as counsel in the principal suit. The District Court, 43 F.2d 770, sustained his claimed immunity and quashed the service. The Court of Appeals for the Fifth Circuit, 48 F.2d 533, reversed and was affirmed by the Supreme Court, which stated the question to be "Whether, despite any effect of the immunity in encouraging voluntary attendance at the trial, it should be withheld from one who, while in attendance, is served with process commanding his continued presence and aid to facilitate the pending litigation, and to carry it to its final conclusion?"[5] The test applied was "whether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it."[6] Said the Court: "From the viewpoint of the due administration of justice in the first suit, the second was as much a part of it as if it had been an interlocutory motion to compel the production in court of documents or of property involved in the suit. The case is, therefore, not one where the cause pending before the court is subjected to possible hindrance or delay by service of process in some unrelated suit. The aid of the petitioner already in attendance upon the litigation was demanded in order that the relief prayed might be secured and the cause brought to a final and successful termination. Neither that demand nor compliance with it could prevent his attendance upon the principal cause, as service of process in another court might. Even if we make the assumption that the nonrecognition of such immunity might have discouraged petitioner's participation as counsel, still it would defeat, not aid, the administration of justice in the principal cause to encourage petitioner's voluntary presence by the grant of an immunity which would relieve him from any compulsion either to continue his presence or to answer for his acts affecting the progress of the cause. Judicial necessities require that such immunity should be withheld, and it was rightly denied by the court below."[7]

International Plastic Harmonica Corp. v. Harmonic Reed Corp.[8] is distinguishable. There a witness Magnus, whose patents were involved, was served with process in a third party action brought by the defendant in the principal suit. Magnus, a non-resident, claimed immunity which was sustained. The principal suit involved alleged infringements of patents, each party claiming title to them; the plaintiff through assignment from Magnus, the inventor, and the defendant through exclusive license from him. It appeared that he had first given the defendant an exclusive license which may or may not have covered the patents in suit. Thereafter he terminated the license and assigned the patents to the plaintiff. Judge Kirkpatrick held that the only issue in the principal case was whether plaintiff or defendant was entitled to sue for infringement and that could be determined without deciding the defendant's claim against Magnus. Moreover, Magnus was not served until he voluntarily appeared as a witness on the day the principal case was called for trial. Thus the case against him would have to be tried separately at a later date or the principal case put over.

The circumstances here are very different. Mr. Cook, according to the complaint, was an important actor in the alleged conspiracy, liable in damages if the proof sustains the charge. That determination should be made in one action. The due administration of justice and the necessities of judicial administration will surely not be served by duplicating litiga-

---

5. Lamb v. Schmitt, supra, 285 U.S. at page 226, 52 S.Ct. at page 318.

6. Lamb v. Schmitt, supra, 285 U.S. at page 228, 52 S.Ct. at page 319.

7. Lamb v. Schmitt, supra, 285 U.S. at pages 227, 228, 52 S.Ct. at page 319.

8. D.C., 69 F.Supp. 515.

tion or by forcing the plaintiff to abandon its claim against Mr. Cook as an alternative.

The motion to quash the service is therefore denied.

Settle order.