## Suleski v. Brown

*Folz, Bard, Kamsler, Goodis & Greenfield,* for plaintiffs.

*Zoob & Matz,* for defendant.

KUN, P. J., October 1, 1956.—There are before the court the preliminary objections of defendant Nathan Brown in the nature of a petition raising a question of jurisdiction to the summons in assumpsit of plaintiffs Theodore Suleski and Eleanor Suleski.

The pertinent facts as contained in the petition, answer and stipulations of fact are as follows:

The domicile and permanent residence of defendant Nathan Brown is in the State of Florida. On June 11, 1956, Nathan Brown came to Philadelphia for the express purpose of having his deposition taken as a witness for use at trial in the case of Haddon Carpet Co., Inc., v. Jacob H. Axilbund, Arthur Balsam, Lester H. Krawitz and George M. Axilbund, individually and trading as Lanard & Axilbund, defendants, and Theodore Suleski and Eleanor Suleski, additional defendants, Court of Common Pleas No. 6, September term, 1954, no. 1729. While having his deposition taken, Nathan Brown was served with a summons in assumpsit in the instant action. Nathan Brown is substantially the sole owner of the stock of Haddon Carpet Co., Inc., plaintiff in the No. 6 court action. The case presently before this court and the action in C. P. No. 6 arise from the same transaction.

The sole question for determination is whether or not defendant Nathan Brown was immune from civil process at the time he was served with the summons in this case, when he had come into the jurisdiction to give his deposition in the other case. In discussing the immunity, the court in Crusco v. Strunk Steel Co., which went up from this court, 365 Pa. 326, said, at page 328:

"The privilege of exemption from service of civil process enjoyed by a non-resident suitor or witness in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him: Hayes v. Shields, 2 Yeates 222; Miles v. McCullough, 1 Binn. 77. It is not a privilege of the individual, however, but of the court itself and exists that the business of the courts might be

expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case: Lamb v. Schmitt, 285 U. S. 222; Stewart v. Ramsay, 242 U. S. 128; Diamond v. Earle, 217 Mass. 499; Parker v. Marco, 136 N. Y. 585. Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require: Lamb v. Schmitt, supra; Netograph Co. v. Scrugham, 197 N. Y. 377."

Since defendant in that case was also a defendant in a criminal action, the court went on to point out the difference between a nonresident defendant in such an action who is in the jurisdiction to answer the charge, and persons involved in civil proceedings, the court saying, at page 328:

"A defendant in a civil action may appear in court to defend a suit brought against him or not as he sees fit. That the convenience of the court might be better served in the performance of its function, however, the exemption from service is offered to defendant in a civil action as an inducement to appear and defend. In a criminal action, on the other hand, there is no need of any such inducement. The criminal defendant has no choice in the matter of attendance. The purpose underlying the granting of the exemption in civil actions consequently is realized in a criminal action merely by the employment of the ordinary processes of law. No further interest of the court is to be served by insuring immunity from service to a criminal defendant, and, since it is a privilege of the court and not a personal right, service of civil process upon him will not be invalidated merely because of his status."

However, as it appeared in that case that the criminal process was merely used as a means of getting the

party into the jurisdiction in order that service of the civil process might be had on him, we set aside the service as a fraud on the court, which action was sustained, notwithstanding the above stated general proposition that a defendant in a criminal case is not immune from service.

In the later case of Cowperthwait v. Lamb, 373 Pa. 204, the court further expounded the reason for the immunity to nonresidents by the statement at page 209, as follows: "The 'reason upon which [the immunity rule] is founded' is fundamentally and primarily the desirability that justice be administered by a full fair hearing, unhampered by deterrence of the attendance of witnesses."

The court went so far in that case as to apply it to a nonresident who came to the jurisdiction to appear at a hearing before a representative of the Secretary of Revenue concerning suspension of his operator's license, by the further statement: "This is just as important in proceedings of a judicial nature before an administrative body or official as it is in a proceeding before a court of record. The attainment of justice is the objective in either instance."

Obviously, the case of Shellito v. Grimshaw, 367 Pa. 599, cited by plaintiffs, is not in point. That case merely held that where a nonresident comes into the jurisdiction and files suit, he subjects himself in the same jurisdiction to process in other suits arising from the same occurrence. Defendant in the matter before us has not filed suit in this jurisdiction. The previous suit pending in C. P. No. 6 is by Haddon Carpet Co., Inc. While it is stated that defendant is the principal stockholder in that corporation, that does not create an identity of parties so as to deprive defendant of the privilege of exemption from service of civil process, being a nonresident, in an action brought against him personally. There is nothing here to show any fraud

or unlawful purpose in the operation of the Haddon Carpet Co., Inc. It is perfectly lawful for a person to own a controlling interest in a corporation. Excepting in cases where the corporate form is used merely as a cloak by which to perpetrate fraud on others, the law will recognize the separation of identities of a corporation and a principal stockholder. Likewise, it is not a valid reason for denying defendant the well recognized immunity because of plaintiffs' contention that it would be more convenient for them to have the cases consolidated for trial. This convenience cannot be accorded plaintiffs by denying to defendant the immunity or privilege of exemption from service of civil process vouchsafed him by the law as a nonresident who admittedly came into the jurisdiction only for the purpose of giving his deposition in another proceeding.

It must be emphasized, as pointed out in the cases, that the immunity or privilege of exemption is not a privilege of the individual involved, but rather of the court itself and is "fundamentally and primarily the desirability that justice be administered by a full and fair hearing, unhampered by deterrence of the attendance of witnesses."

It may be pointed out that defendant's testimony could have been taken through interrogatories addressed to him in Florida. That he chose instead to come to this jurisdiction to give his oral depositions was an advantage to the parties, especially to those who could cross-examine him. For aiding the administration of justice in that way, he is not to be subjected to process here while so doing.

For the foregoing reasons, the preliminary objections of defendant Nathan Brown are sustained; the service of the summons and the return thereof are hereby set aside.