Bell, J.
The question involved herein may be simply stated: Is an Ohio attorney who is an officer and statutory *441 agent of an OMo corporation exempt from service of snmmons as statutory agent of that corporation when he goes into a county other than that of his residence with another officer of the corporation who has been subpoenaed to such county for a deposition?
It must be conceded at the outset that an attorney has no constitutional guaranty of freedom from either arrest or service of process. If an immunity exists it must be found in the common law and in the statutes supplementing it.
The basis of the immunity in favor of parties, witnesses and officers of the court lies in the necessity for the uninterrupted administration of the judicial process. The reason is well stated as follows by Woolley, J., in Brooks v. State, ex rel. Richards, Atty. Genl., 26 Del., 1, 79 A., 790, 51 L. R. A. (N. S.), 1126, Ann. Cas. 1915A, 1133 :
“The privilege of parties to judicial proceedings, as well as witnesses, attorneys, judges, jurors and certain other officers of the court, of going to the place where they are held, and remaining as long as necessary and returning wholly free from the restraint of process in other civil proceedings, has long been settled and liberally enforced. The rule is of ancient origin and is mentioned in the Year Books as early as Henry VI. It came to us out of the common law with only such modifications as were required to make its principle harmonize with American institutions and to be in accord with American jurisprudence.
“The rule is based upon reason and was established for a purpose which has been consistently adhered to from the early English authorities down through the modern American authorities upon the subject. The reason of the rule is the proper administration of justice and its purpose is to protect that administration from embarrassments and interruptions caused by disturbance to those whose attendance upon the courts is compelled by duty or necessity. The rule was established for the protection of the courts that they might the better administer justice, free from interference with and intimidation of suitors, solicitors and witnesses and disturbance of the court’s officers in the exercise of their duties, and became a privilege that affected persons in their several capacities only as their protec *442 tion from process rendered the administration of justice more certain and complete. The privilege arises out of the authority and dignity of the court, it is founded on the necessities of judicial administration, it has for its primal object the protection of the court and not the immunity of the person, and is extended or withheld only as judicial necessities require.”
This basis of the immunity was recognized by Mr. Justice Stone in the opinion in Lamb v. Schmitt, Recr., 285 U. S., 222, 76 L. Ed., 720, 52 S. Ct., 317, in which he said:
“The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself. * * *
* *
“It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. ’ ’
There is by no means any unanimity of opinion on the question in the reported eases of the various American jurisdictions. See 71 A. L. R., 1399; 85 A. L. R., 1340; 7 Corpus Juris Secun-dum, 821, Attorney and Client, Section 44.
One of the leading cases cited in the texts as recognizing the immunity is Whitman v. Sheets, 20 C. C., 1, 11 C. D., 179. The Circuit Court for Hancock County, in an opinion written by Norris, J., from which Day, J., dissented, stated that a summons could not legally be served upon an attorney to answer in an action against him in a foreign jurisdiction, when he was called there in discharge of his duties as attorney in a suit pending there. The basis of that decision was that public policy requires that the administration of justice be uninterrupted by the service of process on an officer of the court.
This appears to be the classic reason for granting immunity to an attorney engaged in court work for a client. If it would personally disturb an attorney to be served with process while engaged in professional work for another, such service would be disruptive of the orderly conduct of such work. The function of the court to see that justice is done between litigants requires that a litigant shall not be prejudiced by having his *443 counsel subjected to service of process. The convenience of the court would thus be served by recognizing the immunity.
But it is difficult to apply such reasoning to the facts of this case and say that judicial necessity requires the granting of immunity from service of process to the statutory agent of a corporation when served as such, merely because he also happens to be an attorney.
In the instant case, Attorney Malitz was not subpoenaed to appear in Akron. He voluntarily accompanied the president of the corporation, who had been subpoenaed. By refusing to so accompany the president he would have violated no duty to any court. Whatever assistance he may have rendered to the president of the corporation can not be construed by indirection as an assistance to the court of a nature that would have made his presence necessary within the rule. He was present in the capacity of an agent of one of the litigating parties and, more particularly, as an agent who had agreed, when the charter of the corporation was issued, to make himself available for the very thing that occurred, namely, the receipt of service of process. To grant him immunity in such a situation would, as was said in Brooks v. State, ex rel. Richards, supra, “enable a party and not the court to extend the privilege and determine the necessity of a person’s presence, and would extend the class of privileged persons from those over whom the court has control to all those who might be deemed by a party to be necessary to him or to his counsel in the preparation and presentation of a case.”
In the past, this question of immunity has received the attention of both this court and the General Assembly. Section 2331.11, Revised Code, provides in substance that, among others, attorneys, suitors, jurors and witnesses while going to, attending, or returning from court shall be privileged from arrest.
Section 2331.13, Revised Code, provides as follows:
“Sections 2331.11 to 2331.14, inclusive, of the Revised Code do not extend to cases of treason, felony, or breach of the peace, nor do they privilege any person specified in such sections from being served with a summons or notice to appear. * * *” (Emphasis added.)
*444 These two sections have been a part of the statutory law of Ohio since 1831. (29 Ohio Laws, 341.)
In Andrews v. Lembeck, 46 Ohio St., 38, 18 N. E., 483, 15 Am. St. Rep., 547, one Andrews, on advice of counsel, left his home county, where he was a party to a suit, to attend in another county a hearing on an application for temporary injunction. (A judge was not available in the county where the action was pending, so the application was made before one of the judges of the district at his residence in the other county.) After the hearing and before he could leave for home, Andrews was served with summons in an action instituted in the other county. In sustaining a motion to quash the service, the court said:
“The authorities already cited hold that privilege from the service of summons has existed from time immemorial, and has been upheld by both the federal and state courts, [cf. 3 Blackstone’s Commentaries, 289: lawyers could not be arrested on civil process, while in attendance upon court but could be served with a bill, without arrest.] The rule of law announced by them with such unanimity ought not to be considered to have been abrogated by any implication from the language used in Section 5459 [now Section 2331.13, Revised Code.] * * *.
“Sedgwick in his work on Statutory and Constitutional Law, page 318, says: ‘An ancient and settled system ought not to be overturned except by clear, unambiguous, and peremptory language.’ ”
It is difficult for a majority of this court to relegate to “implication” the “clear, unambiguous and peremptory language” used by the General Assembly when it said that the sections granting privilege from arrest do not “privilege any persons specified in such sections from being served with a summons or notice to appear. ’ ’ The inescapable conclusion is that the Andrews case, in the words of Stewart, J., in Dubyak, Jr., v. Kovach, Mayor, 164 Ohio St., 247, 129 N. E. (2d), 809, represents “a fantastic usurpation by the courts of legislative prerogatives.”
It has been said many times, but never more clearly or more forcibly than by Hart, J., in Miller v. Fairley, 141 Ohio St., 327, 48 N. E. (2d), 217, that “when the people, through the *445 legislative branch of government, commit a rule of law, applicable to a specific situation, to the formalities of a written statute, the court is obliged to give force to such statute according to its express terms and plain intent.”
The error of the Andrews case was compounded by the court in Barber v. Knowles, 77 Ohio St., 81, 82 N. E., 1065, 14 L. R. A. (N. S.), 663, when, in approving and following the earlier case, it said that ‘ ‘ ever since the decision of Andrews v. Lembeck, 46 Ohio St., 38, the statute [granting privilege from arrest] has been construed as extending the privilege to the service of summons in civil cases.”
The majority of this court believe that the Andrews and Knowles cases represent pure judicial legislation, and that they should no longer be considered as controlling.
The language of Section 2331.13, Eevised Code, together with that of Section 2331.11, admits of no doubt that the General Assembly fully considered the entire subject and legislated upon it. In so doing, it recognized that, although the arrest of a suitor, an attorney, a juror or a witness during the progress of judicial proceedings might subject the court to serious interruption, the service of summons in a civil action could have no such effect.
We believe the proper administration of justice is protected amply by the immunity from restraint of process by the statutory privilege granted by Section 2331.11, Eevised Code. In the light of the plain unambiguous language of Section 2331.13, we see no reason for indulging in a sophistry that would enlarge the privilege beyond the purpose for which it was founded.
It follows that the judgment of the Court of Appeals must be reversed, and the cause remanded to the Court of Common Pleas of Summit County for further proceedings according to law.

Judgment reversed.

WeygaNdt, C. J., ZimmermaN and Hekberx, JJ., concur.
Stewart, Taet and Matthias, JJ., dissent.