Frank W. ATKINSON and Henry C. Hitch, Appellants,

v.

Carol A. JORY and Deborah A. Hughes, Trustees; and David M. Hughes, Appellees.

No. 6635.

United States Court of Appeals Tenth Circuit.

July 6, 1961.

170

John E. Rees, Wichita, Kan. (Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, and Hugo T. Wedell and Homer V. Gooing, Wichita, Kan., of counsel, on the brief), for appellants.

Bruce W. Zuercher and Emmet A. Blaes (of Jochems, Sargent & Blaes), Wichita, Kan. (John E. Wheeler, Marion, Kan., on the brief), for appellees.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiffs appeal from an adverse and summary judgment entered by the District Court for the District of Kansas. By amended complaint alleging diversity jurisdiction, plaintiffs had sought recovery of $58,525.98 for the death and injury to certain cattle entrusted to defendants for pasturage. The complaint, in addition to supplementing jurisdictional claims with general assertions of negligence and damage, contains the following allegations:

"4. Defendants Carol A. Jory and Deborah A. Hughes are the qualified and acting trustees under the terms of a trust created by Zenia A. Hughes, as settler (sic) and the National Bank of Topeka, as trustee."

"6. Acting by and through their authorized agent, David M. Hughes, defendants Carol A. Jory and Deb-orah A. Hughes, on March 15, 1958, entered into an agistment contract under the terms of which defendants undertook the pasturage, handling and care of 2003 head of steers owned by plaintiffs and delivered to defendants in April and May, 1958, pursuant to said contract."

Judgment is sought against the "defendants" and, in an alternative cause of action, against the defendant David M. Hughes alone if the court should determine that he was not the agent of the other defendants.

Defendants did not respond by answer to plaintiffs' amended complaint but the record shows an answer to plaintiffs' original complaint in which jurisdiction and the allegations of paragraph No. 4, supra, are admitted, negligence, damage and the agency of David M. Hughes denied, and contributory negligence upon the part of plaintiffs affirmatively pleaded. The record on appeal also sets out an agreement of agistment entered into by plaintiffs and "Mulvane Ranch by its agent, David M. Hughes" and the admission that the ranch lands constituted part of the trust property referred to in paragraph No. 6 of plaintiffs' complaint, supra. The trust agreement is also set out in the record and provides for the establishment of a living trust with power in the trustees to hold title to the trust property and distribute the income therefrom to named and successive beneficiaries of whom David M. Hughes is third in line. The trust agreement contains the following provision:

"9. The Trustor and each beneficiary hereunder, or the Guardian or Trustee for the same, shall have managerial authority during the period in which he is entitled to receive the income from the property in this trust, in the same proportion that the income which he is entitled to receive bears to the total distributable income from the property."

Neither the defendants' motion for summary judgment nor the trial court's order granting the motion gives any indication of the grounds upon which the

motion was sought, considered or granted. The record background as we have set it out above includes those matters deemed important by the parties in their respective attack and defense of the summary judgment and premises a discussion of the liability of a trust estate to respond in damages for the tortious acts of trustees under varied but special circumstances. And although the ultimate disposition of this case may well hinge on matters within the scope of the legal field of argument presented to us we cannot, upon the record now before us, so isolate a determinative legal question as to adequately review the correctness of the trial court's summary ruling.

The rules relative to the proper use of summary judgment are now well established. See United States v. Kansas Gas and Electric Co., 10 Cir., 287 F.2d 601, and cases cited therein. The remedy is proper where no disputed question of fact is determinative of duty or right and a formal trial would add nothing to the case. But the remedy is drastic, Hunt v. Pick, 10 Cir., 240 F.2d 782, and allows no room for speculation as to the factual background nor the dispositive legal ruling. Here we are not aided by findings, stipulations, pretrial order or complete discovery admissions. The motion for summary judgment and the order of the court are silent as to what facts form the background for the judgment and are equally silent as to legal grounds. And although we have sometimes assumed the burden of isolating a dispositive legal ground upon clear and undisputed facts, cf. Hunt v. Pick, supra, we are unwilling to sustain a summary judgment where the record is unclear to us on both fact and the legal theory forming the basis of the ruling.

Plaintiffs also complain of an order of the trial court quashing the service of summons upon David M. Hughes. Hughes, a resident of California, was served in Kansas while physically present in Kansas to attend a trial in state court. He was served on June 7, 1960, the trial in state court began on June 13, 1960, and Hughes remained in Kansas for eight days after the termination of that trial. The trial court ruled that service was had during the period when Hughes was immune from service. This principle of immunity has long been recognized. Eaton v. Eaton, 120 Kan. 477, 243 P. 1040; Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192; Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720. Although the immunity may be lost by remaining in the jurisdiction for an unreasonable length of time after the necessity of attendance is exhausted such exception is not applicable here for Hughes was not served after he completed his service in state court. Nor do we find any abuse of discretion in the refusal of the trial court to withhold the immunity because of similarity between the state court litigation and the instant case. Cf. Lamb v. Schmitt, supra.

The judgment is affirmed as to the order quashing service of process upon Hughes; the judgment is otherwise reversed and remanded for further proceedings in accord with the views here expressed.