**R. W. WALKER, Appellant,**

v.

**CALADA MATERIALS COMPANY, a**
**California corporation, Appellee.**

No. 6942.

United States Court of Appeals
Tenth Circuit.

Sept. 27, 1962.

 

came to Colorado from California for the sole purpose of testifying on behalf of the corporation at the trial. He appeared in the state court on that date, gave his testimony and returned to Denver late that afternoon and made arrangements to leave for California by plane the next morning, May 18.

On May 18, Walker commenced this action in the court below alleging in his complaint that the California judgment in question in the state court of Colorado was obtained by fraudulent conduct[2] on the part of Calada, that it was a false and fraudulent judgment and that by reason of Calada's fraud, he was entitled to actual and exemplary or punitive damages for which he prayed. Service of summons and the complaint was made upon Calada, through its corporate officer, Christensen, at the Hilton Hotel in Denver on the morning of May 18 before Christensen departed for California.

Calada filed a "special appearance" motion pursuant to Rule 12(b) (5) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate, set aside and quash the service of summons and complaint on the ground that it and its corporate officer were residents of California and such corporate officer was in the Colorado district for the sole purpose of attending the trial of another cause and not on any other corporate business and therefore it was immune from service of process. Walker then filed a response to the motion wherein it was alleged that the other "cause" referred to in the motion was one and the same as that then before the court and his present action was filed to obtain a complete adjudication with respect to the fraud alleged to have been practiced against him in the California action, which gave rise to the Colorado suit.

George J. Francis, Denver, Colo., for appellant.

James L. Tilly, of Tilly & Skelton, Denver, Colo., for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

This appeal is from an order and judgment of the court below vacating and setting aside the service of summons made upon appellee, Calada Materials Company,[1] a California corporation, by serving one of its corporate officers while he was within the jurisdictional limits of that court. The only question presented is whether Calada was immune from service of process inasmuch as its corporate officer upon whom service was made was present in the district for the sole purpose of testifying at the trial of another action brought by it against appellant, R. W. Walker, in a state district court of Colorado.

The undisputed facts are that sometime in October of 1958, Calada obtained a personal judgment against Walker, a resident of Colorado, in the state court of California. Thereafter, Calada brought an action against Walker in the Colorado state district court to enforce the California judgment. That action was set for trial in the Colorado state court on May 17, 1961. Calada's secretary-treasurer, Richard A. Christensen,

---

1. Hereafter referred to as Calada.

2. The fraudulent conduct alleged is that immediately prior to trial in the California case the parties had made a settlement and compromise of the case but on the day before trial appellee disaffirmed the settlement leaving Walker without vital witnesses to testify in his behalf as they had been dismissed when the parties reached the settlement and leaving him in such a position as to be unable to appear in the action until the last day of the trial.

With the issue thus joined, a hearing was had and resulted in the lower court's order vacating and setting aside the service, from which this appeal was taken.

■■ The general rule is that witnesses and parties to a lawsuit voluntarily attending a judicial proceeding outside the territorial jurisdiction of their residence are immune or exempt from service of civil process in another suit while in attendance at court in that jurisdiction and for a reasonable time before and after, in going to court and returning to their homes. Page Co. v. MacDonald, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192; Atkinson v. Jory, 10 Cir., 292 F.2d 169, 171; Greene v. Weatherington, D.C.Cir., 301 F.2d 565; Government of the Dominican Republic v. Roach, 108 U.S.App.D.C. 51, 280 F.2d 59, cert. denied, 364 U.S. 878, 81 S.Ct. 166, 5 L.Ed.2d 101; 42 Am.Jur. Process §§ 142, 143, 144, pages 123–126; 72 C.J.S. Process § 80, pages 1112–1115, Cf. In re Equitable Plan Company, 2 Cir., 277 F.2d 319. It applies to a nonresident officer or agent of a foreign corporation where service is attempted in an action against the corporation while such officer or agent is present in the jurisdiction for the sole purpose of attending the trial of another cause, and is not there on any other business of the corporation. 42 Am.Jur. Process § 145, pages 126–127.

This general rule "is founded, not upon the convenience of the individuals, but of the court itself" and "proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation." Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720.

■ The immunity should not be enlarged or extended beyond the reason upon which it is founded. Lamb v. Schmitt, supra. Accordingly, certain well-recognized exceptions to the general rule have been established. One of these generally recognized exceptions denying or withholding immunity is where the later action, in which the immunity from service is claimed, arises out of or involves the same subject matter as the one in which the nonresident has voluntarily attended. Lamb v. Schmitt, supra; Kirtley v. Chamberlin, 250 Iowa 136, 93 N.W.2d 80; Miller v. Miller, 153 Neb. 890, 46 N.W.2d 618; Velkov v. Superior Court, 40 Cal.2d 289, 253 P.2d 25, 35 A.L.R.2d 1348; Livengood v. Ball, 63 Okl. 93, 162 P. 768, L.R.A.1917C, 905. The test of whether immunity should be granted under the general rule or denied under the exception is well set forth by the Supreme Court in Lamb v. Schmitt, supra, at page 228, 52 S.Ct. at page 319:

"* * * the test of the privilege is not the probable success or failure of the suit or proceeding in which the process was served. If it were, the immunity could never be denied. The test is whether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it. That, as we have said, depends here upon the nature of the proceeding in which the service is made and its relation to the principal suit, * * *."

■ The precise question before us then is whether the general rule is to be applied or whether a situation exists which requires application of the exception to the rule. In our opinion, the facts and circumstances of this case bring it squarely within the exception to the rule and, therefore, the service is good. The two cases involved here arise out of and pertain to the same subject matter, namely, the California judgment and the alleged fraud practiced by appellee in obtaining such judgment. When Christensen was served with process in

this case, he was in the district attending an action commenced at the instigation of Calada seeking to enforce the same California judgment which Walker claims to be a false and fraudulent judgment in this action. The two cases are therefore so closely related as to justify the withholding of the claimed immunity. Certainly, it cannot be said that this is a case where judicial administration requires that immunity be granted.

The judgment of the lower court vacating and setting aside the service of process upon appellee is reversed and the case is remanded for further proceedings.