**UNITED STATES NATIONAL BANK OF OREGON, a national banking association, Plaintiff,**

v.

**GREAT REPUBLIC LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 71–622.**

United States District Court,
D. Oregon.

Dec. 10, 1971.

Wm. M. McAllister, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for plaintiff.

George W. Mead, Portland, Or., for defendant.

## MEMORANDUM OPINION AND ORDER

ALFRED T. GOODWIN, District Judge.

Defendant, the Great Republic Life Insurance Company (GRL), a Washington corporation, has moved to quash the service of summons made by the United

States National Bank of Oregon (Bank) upon GRL's president, Daryl Jensen.

■ GRL contends that its president entered the United States Courthouse in the District of Oregon solely for the purpose of testifying at a hearing involving both GRL and the Bank. GRL contends that he was therefore immune from service of process.

■ Immunity was created to expedite the work of the court, not as a windfall for litigants. Immunity should be employed only to further the administration of justice. Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932); 4 Wright & Miller, Federal Practice and Procedure § 1076.

■ In a situation involving multiple actions, where the second action is so related to the first that judicial necessities require the withholding of immunity in the second suit, the immunity will not be allowed. 2 Moore, Federal Practice ¶ 4.20 at 1098–1099. See also Walker v. Calada Materials Co., 309 F.2d 74 (10th Cir.1962); 4 Wright & Miller, Federal Practice and Procedure § 1080.

There is authority which supports the granting of immunity in this case. In re Equitable Plan Co., 277 F.2d 319 (2nd Cir.1960). But I believe that Chief Judge Lumbard's dissent, 277 F.2d at 321, is a better reading of Lamb v. Schmitt than is the opinion of the majority. See also 4 Wright & Miller, Federal Practice and Procedure § 1080.

Jensen came to Oregon from his Washington residence to testify at a hearing on an interpleader action arising out of a loan made by the Bank to the Great Republic Corporation (GRC), the former majority owner of GRL's stock. The Bank's instant claim arises out of a loan made by the Bank to the Great Republic Finance Corporation, a substantially owned and controlled subsidiary of GRC.

I find that the two actions are so closely related that immunity would not further the administration of justice. Immunity in this case would serve the purpose of forum shopping, but that is not a sufficient basis for defeating the service of process in these cases.

It is ordered that defendant's motion to quash is denied.