McGuane, J.
This matter was argued before the Appellate Division and presented the following issue for determination.
Did the District Court of Southern Berkshire acquire personal jurisdiction on the defendant?
The Trial Court found as uncontested facts the following:
1. The plaintiff, Joseph Calabrese, is a resident of the Town of Sheffield, Commonwealth of Massachusetts.
2. The defendant, Anh Huynh, is a resident of the City of West Hartford, State of Connecticut.
3. On or about January 5,1984, the defendant operated a motor vehicle so as to strike the motor vehicle being operated by the plaintiff.
4. The accident occurred on Interstate Route 84 in the City of West Hartford, State of Connecticut.
5. The Statute of Limitations for bringing a tort action for the negligent operation of a motor vehicle in the State of Connecticut is two (2) years. Consequently, the last day for filing the above captioned case in the State *65 of Connecticut occurred on January 5,1986. No suit was filed in Connecticut during the applicable two year period.
6. On or about January 5,1987 the plaintiff filed the above captioned action in the Berkshire Superior Court.
7. There was no service of process made on the defendant, Anh Huynh, in the State of Connecticut. In fact, there could be no service of process made on the defendant in Connecticut as the accident occurred in Connecticut, precluding the use of the Massachusetts long arm statute. G.L. c. 223A, § 3.
8. On February24,1987, the defendant filed an answer to the complaint, and specifically asserted the affirmative defense that the plaintiff did not have personal jurisdiction over the defendant Huynh.
9. Thereafter, on or about March 9, 1987, the plaintiff noticed the deposition of Anh Huynh, which was scheduled at the plaintiffs offices at 133 Federal Street, Boston, MA. The deposition was scheduled for Tuesday, March 31,1987 at 10:30 a.m.
10. On the date of the deposition, March 31,1987, the defendant, Anh Huynh, appeared at the plaintiffs counsel’s office for the deposition, accompanied by his attorney. At that time, Mr. Huynh, was served by a Deputy Sheriff of Suffolk County (with) process for the above captioned case.
In summary, this action or motor tort for negligence arises out of a collision on a Conn, highway between two motor vehicles, one operated by Calabrese who lives in Mass., the other by Huynh a resident of Conn. Calabrese allowed the statute of limitations to run without bringing suit in Connecticut, whose courts had jurisdiction of both the subject matter and defendants. One year later, Calabrese entered his claim in the Berkshire Superior Court naming as defendants Huynh and his corporate employer, the owner of the Huynh vehicle.
The Court found that there was no personal jurisdiction and dismissed the complaint. The trial judge reported the matter to the Appellate Division for determination.
The sole issue presented is the question of whether or not participating in discovery voluntarily in connection with the law suit against him, the defendant was amenable to service of process.
A non-resident defendant who raises the question of personal jurisdiction may appear for this purpose and remain immune for service.
It would appear that discovery proceeding concerning the suit in question would be an integral and necessary part of the conduct of said suit. If that be the case then the service by a deputy sheriff on the non-resident defendant, who is present in this state to participate in discovery in the negligence suit is a nullity and accordingly the decision of the trial judge is upheld. Lamb v. Schmidt, 285 U.S. 222 (76 L. Ed. 720).
Under the former practice, a defendant could file a special appearance for the purpose of challenging the Court’s jurisdiction and this type of appearance was in effect safe conduct for a non-resident defendant.
Under the Massachusetts Rules of Civil Procedure, the “special appearance” is out. Mass. R. Civ. P., Rule 12 (g) and (h).
However, any defendant may now raise the issue of personal jurisdiction by motion to dismiss the complaint or by appropriate answer. If the choice is by answer, then the answer must include all legal and factual defenses available.
Under our present practice, unless the defense of lack of personal jurisdiction is raised in the defensive pleading it is deemed waived. That is not the case in the present matter.
*66 It is apparent that a non-resident defendant is not obliged to choose between entry of a default judgment against him or submission to a foreign jurisdiction.
It would seem not only fair and equitable but also reasonable and logical that if filing an answer and active participation in a trial on the merits will not effect a waiver of the jurisdictional issue reasonably raised then, a forti, attendance at a pre-trial disposition will not confer jurisdiction either.
We would agree with the trial judge that the motion to dismiss was correct and that the report be dismissed.