**In re ALUMINUM PHOSPHIDE ANTITRUST LITIGATION.**

**This Document Relates to: All Actions.**

**Civ. A. No. 93–2452–KHV.**

United States District Court, D. Kansas.

March 29, 1995.

Deborah Farrar Quirk, Kansas City, MO, Thomas H. Brill, Mission Hills, KS, Issac L. Diel, Law Office of John P. Ryan, Jr., Grandview, MO, Joel C. Meredith, Krishna Narine, Meredith, Cohen & Greenfogel, P.C., Philadelphia, PA, Vernon N. Reaser, Jr., Reaser & Wall, Victoria, TX, for Nat. Bugmobiles, Inc.

Edmund S. Gross, Farmland Industries, Inc., Alvin D. Shapiro, Law Offices of Alvin D. Shapiro, Kansas City, MO, for Farmland Industries, Inc.

David E. Everson, Jr., Tammy L. Womack, Stinson, Mag & Fizzell, Kansas City, MO, Nancy L. Heilman, Cohen & Grigsby, Pittsburgh, PA, for Pestcon Systems Inc., Degesch America, Inc.

A. Bradley Bodamer, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, James E. Wright, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Bernardo Chemicals Ltd., Inc.

Floyd R. Finch, Jr., Katharine S. Bunn, Jeffrey J. Simon, Sally B. Surridge, Brian J. McGrath, James R. Ward, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas

**630**

City, MO, Tessa K. Jacob, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Inventa Corp.

G. Stanton Masters, Bryan Cave, Kansas City, MO, James L. Eisenbrandt, Bryan Cave, Overland Park, KS, Nancy L. Heilman, Cohen & Grigsby, Pittsburgh, PA, for Detia–Degesch GmBH.

G. Stanton Masters, Kansas City, MO, James L. Eisenbrandt, Overland Park, KS, Nancy L. Heilman, Cohen & Grigsby, Pittsburgh, PA, for Detia Freyberg GmBH.

Floyd R. Finch, Jr., Katharine S. Bunn, Jeffrey J. Simon, Sally B. Surridge, James R. Ward, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for United Phosphorus, Ltd.

A. Bradley Bodamer, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, for Casa Bernardo Ltd.

Thomas M. Bradshaw, Dianne M. Hansen, Armstrong, Teasdale, Schlafly & Davis, James R. Hobbs, Marilyn B. Keller, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, for McShares Inc.

A. Bradley Bodamer, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, James E. Wright, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Cristina S. Bernardo.

Edmund S. Gross, Farmland Industries, Inc., Kansas City, MO, Alvin D. Shapiro, Law Offices of Alvin D. Shapiro, Kansas City, MO, for Farmland Industries, Inc.

*Memorandum and Order*

VRATIL, District Judge.

This matter comes before the Court on the *Motion of Defendant Casa Bernardo, Ltd. to Quash Service of Process* (Doc. # 189). Defendant Casa Bernardo asserts that its president, Maria Cristina S. Bernardo, a citizen and resident of Brazil, was immune from service of process because she was voluntarily in this jurisdiction for the sole purpose of providing deposition testimony in this case. Defendant claims that in voluntarily appearing for a court-ordered deposition,[1] Ms. Bernardo furthered this Court's administration of justice and is therefore entitled to immunity from service of process.

On May 26, 1994, Ms. Bernardo came to the United States Courthouse in Kansas City, Kansas to appear as a deposition witness in this case pursuant to court order.[2] While in the courthouse, on the way to her deposition, Ms. Bernardo was served with a summons and complaint in this case. Ms. Bernardo's sole purpose in coming to Kansas City was for her deposition and she conducted no business while in the area.

 As a general rule, witnesses attending depositions or hearings in connection with the conduct of one suit are immune from service of process in another suit. *See Lamb v. Schmitt*, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932). This immunity is for the convenience of the court, not the person seeking it, and "should be made available only to further the administration of justice." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1460 (10th Cir.1995) (quoting 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1076 at 500 (1987)). An exception to immunity exists where the action in which the immunity from service is claimed "arises out of or involves the same subject matter as the one in which the nonresident has voluntarily attended." *ARW*, 45 F.3d at 1460 (quoting *Walker v. Calada Materials Co.*, 309 F.2d 74, 76 (10th Cir.1962)).

 Here, Ms. Bernardo was in the jurisdiction for the purpose of giving deposition testimony in the very case for which she was

---

1. The parties dispute whether Ms. Bernardo's appearance for the deposition was voluntary; however, this issue is immaterial to the Court's decision herein.

2. On February 13, 1994, Inventa Corporation, Degesch America, Inc., and Pestcon Systems, Inc., defendants in this case, served Ms. Bernardo with two deposition subpoenas duces tecum while she was visiting the United States. On February 23, 1994, Ms. Bernardo filed a motion for protective order in this Court (Doc. # 63), seeking relief from the deposition subpoenas. After a hearing held on March 9 and April 5, 1994, the Court denied that motion and ordered Ms. Bernardo to appear for deposition at the United States Courthouse in Kansas City, Kansas.

served with process, and thus she was not immune from service. *See* 4 Wright & Miller, *supra*, § 1080 at 511 ("There is generally no immunity from service of process when the suit in which immunity is sought is part of, or a continuation of, the suit for which the person claiming immunity is in the jurisdiction."). Moreover, the Court does not believe that granting immunity on the facts of this case would further the administration of justice. The fact that Ms. Bernardo voluntarily complied with a court order to appear for deposition pursuant to validly served subpoenas in the very case for which she was served does not interfere in the Court's administration of the case at hand. To the contrary, it brings another defendant before the Court and further enables the parties to resolve all of their claims in a single forum.

IT IS THEREFORE ORDERED that the *Motion of Defendant Casa Bernardo, Ltd. to Quash Service of Process* (Doc. # 189) should be and hereby is overruled.