Weld *vs.* Hubbard.

---

DANIEL WELD, appellant, *vs.* ASHLEY HUBBARD, administrator of the estate of Lyman Lamb, deceased.

*Appeal from Ogle.*

A defendant, by pleading in bar of an action, after a demurrer has been sustained to a plea in abatement, does not thereby waive his rights under the plea in abatement, but may assign for error the decision of the Court sustaining the demurrer.
Variances between the writ and declaration may properly be pleaded in abatement.
A declaration ought to pursue the writ, as to the character of the action, and the extent of the demand.
A summons in debt is defective, if it does not demand a particular sum as the debt.

This was an action of debt, brought by the appellee, as administrator of Lyman Lamb, deceased, in the Ogle Circuit Court. The appellant in the Court below pleaded in abatement to the writ, craved oyer of the writ, and set it out in his plea. The grounds of the plea in abatement are stated in the opinion of the Court. The appellant filed with his plea in abatement a plea in bar, setting forth a partial failure of consideration of the note upon which the action was found. The appellee filed his demurrer to the plea in abatement; which demurrer was sustained by the Court. · A demurrer was also sustained to the plea in bar. The appellant saying nothing further, the Court, T. L. Dickey, Judge, rendered judgment for the appellee for the sum of $ 112 26. A motion was made to dismiss the suit, because the letters of administration granted to the appellee, in the state of Massachusetts, were not properly authenticated. This motion was overruled. The defendant below prayed this appeal, and brings the cause to this Court, assigning for error that the Court erred in rendering a judgment in assumpsit, when the action was in debt; in overruling the motion to dismiss, and in sustaining the demurrer to the plea in abatement.

E. S. Leland, for appellant.

Glover & Cook, for appellee.

Opinion by Treat, C. J.:

A defendant, by pleading in bar of an action, after a demurrer has been sustained to a plea in abatement, does not thereby waive his rights under the plea in abatement, but may assign for error the decision of the Court sustaining the demurrer. Delahay vs. Clement, 3 Scammon, 201. Variances between the writ and declaration are matters properly pleadable in abatement. 1 Chitty's Pleadings, 484; Prince vs. Lamb, Breese, 298; Duval vs. Craig, 2 Wheaton, 45; Bank vs. Arrowsmith, 4 Halstead, 284.

In our opinion, the Court erred in sustaining the demurrer to the plea in abatement. The summons requires the defendant to answer " in a plea of debt, to the damage of him, the said Ashley Hubbard, administrator of the estate of Lyman Lamb, deceased, as he says, of two hundred and forty-one dollars." The

declaration complains of the defendant " of a plea, that he render to the said Ashley Hubbard the sum of two hundred and forty-one dollars, which he unjustly detains from him ; " and, after counting on a promissory note, made payable to the plaintiff's intestate, concludes, " to the damage of the said plaintiff, as administrator as aforesaid, of two hundred and forty-one dollars." Although the action is in debt, the plaintiff, by the writ, only demands damages. By the declaration, he claims a specific sum for his debt, and a like sum in damages, for the detention thereof. Here is a manifest variance between the process and the declaration. The latter is much broader than the former. It would allow the plaintiff to recover in the aggregate of debt and damages, twice the amount demanded in the writ. The declaration ought to pursue the writ, as to the character of the action, and the extent of the demand. It should not be narrower or broader than the writ. So long as different forms of actions are recognized by the law, the rules and distinctions applicable to them should be respected and observed. If counsel will not do this, they must suffer the consequences resulting from their negligence.

It may, perhaps, be proper to remark, that the summons is defective. Instead of demanding a particular sum as the debt, which is the foundation of this form of action, it only claims damages, which are a mere incident of the debt.

The judgment of the Circuit Court must be reversed, with costs.

*Judgment reversed.*