Treat, C. J. This suit was originally brought before a justice of the peace. The defendant was arrested on a warrant, founded on an affidavit made by an agent of the plaintiff. He moved to dismiss the action, because the writ was imprudently issued. The justice overruled the objection, and entered a judgment in favor of the plaintiff. The defendant appealed to the Circuit Court, where he renewed the motion to dismiss. The motion was denied, and he then pleaded in abatement, that he was arrested on the warrant during the sitting of the Circuit Court, which Court he was attending as a suitor, and as an attorney at law. The Court overruled this defence, and affirmed the judgment of the justice. The only objection taken to the process, under which the arrest was made, is that it was founded on an affidavit made by an agent of the creditor. It is contended, that the oath must be made by the creditor personally, and cannot be made by a person acting on his behalf. The statute declares, “ If, previous to the commencement of a suit, the plaintiff shall make oath that there is danger that the debt or claim of such plaintiff will be lost, unless the defendant be held to bail, and shall state, under oath, the cause of such danger, so as to satisfy the justice that there is reason to apprehend such loss, the justice shall issue a warrant,” &c. E. S., ch. 59, § 22. What is the real object of this provision ? It is that a debtor may be held to bail, whenever it is satisfactorily made to appear on oath, that the creditor will otherwise be in danger of losing his debt. There is no good reason why an agent charged wfith the collection of a debt, may not be permitted to make the oath, and sue out the process. He can ascertain and state the causes, which are to satisfy the justice of the propriety of issuing the warrant, as well as the creditor. He may have a personal knowdedge of the facts, while the creditor may be ignorant of their existence; and if the latter is alone allowed to make the oath, he can only swear as to his belief of the truth of information derived from others. We think the design of the statute is equally answered, whether the oath is made by the creditor or his agent. Any other construction of the statute might deprive a creditor, who resides at a distance from his debtor, of the benefit of its provisions altogether. The delay in obtaining correct information of the condition of his debtor, and in transmitting the necessary affidavit, might render abortive any attempt to coerce the payment of the debt. The consequences of the debtor are the same, whether the oath is made by the creditor or his agent. If he is arrested on a warrant causelessly sued out by the agent, he has a clear remedy against his principal. The plea of privilege came too late. It was a defence of a dilatory character, not affecting the merits of the action, and should have been interposed before the justice. If there made and overruled, it might have been renewed in the Circuit Court. It was waived by the failure of the defendant, to insist upon it at the first opportunity. The judgment is affirmed with costs. Judgment affirmed.