Moses Thorpe, Plaintiff in Error, *v.* Samuel S. Starr, Administrator, &c., Defendant in Error.

ERROR TO MORGAN.

A variance between a writ and declaration can only be taken advantage of by plea in abatement; and after an award upon a reference by the court such a plea is unavailing.

Where a sole plaintiff dies and the cause of action survives, an administrator should be substituted in the cause, and all subsequent proceedings should be had in his name.

Upon a reference to arbitrators, by order of court, of matters in a pending suit, by agreement, judgment should be entered upon the award, as in a case of verdict by a jury.

This cause was heard before Woodson, Judge. The opinion of the court gives a statement of the case.

Brown and McClure for Plaintiff in Error.

M. McConnel and J. Grimshaw for Defendant in Error.

Skinner, J. Aaron Starr sued Moses Thorpe in assumpsit, and declared against him in *debt*. The cause was referred to arbitrators under the statute, and the arbitrators reported to the Circuit Court an award in favor of Starr. The record shows that letters of administration of the estate of Aaron Starr were filed in the Circuit Court; the death of the plaintiff suggested, and Samuel Starr, the administrator, made a party, but does not show that the administrator was made party *plaintiff*.

The letters of administration recites that Aaron Starr died intestate on the 24th day of November, 1853, (after the making and filing in court of the award,) and appoints Samuel Starr administrator of his estate. The court, on motion, ordered, "that the award be approved and entered as a judgment" of the court.

The award is set out, and then follows a judgment for costs and award of execution therefor. All the orders are entitled in the name of the original parties, and the administrator is no where further noticed in the record. Thorpe assigns for error that the writ is in assumpsit and the declaration in debt; that the judgment is in favor of Aaron Starr, who is shown by the record to have been dead at the time of its rendition, and that the judgment is informal and insufficient.

The variance between the writ and declaration could only have been taken advantage of by plea in abatement, and after the award, such plea would have been unavailing. *Weld* v. *Hubbard,* 11 Ill. 573; 1 Chitty's Pl. 481; *Wilson* v. *Nettleton,* 12 Ill. 61.

Under the statute, where a sole plaintiff dies and the cause of action survives to personal representatives, the death being suggested and the administrator made known to the court, an order should be made substituting such administrator plaintiff in the cause, and the cause should then proceed to judgment and execution in the name of the administrator. R. S. 44, Sec. 7.

The reference to arbitrators in this case was made of matters of a pending suit, and by order of court, upon agreement of the parties; and upon the coming in of the award judgment should have been entered thereupon as in case of verdict of a jury. R. S. 56, Sec. 2; ibid. 57, Sec. 8.

The judgment is reversed and the cause remanded, with direction to the Circuit Court to make an order substituting the administrator party plaintiff and to render judgment in his favor for the amount of the award in debt, and for costs, unless cause to the contrary be shown.

Judgment reversed and cause remanded.

*Judgment reversed.*