**People of the State of Illinois, Plaintiff-Appellee, v. William F. Rickelman, Defendant-Appellant.**

Gen. No. 68–21.

Second District.

September 23, 1968.

Gatenbey, Spuller, Law & Johnson, and Philip J. R. Equi, of Chicago, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Michael Fitzsimmons, Jr., Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, an attorney, was arrested and charged with speeding. At the time of his arrest he was returning from attendance in court at the courthouse in Wheaton, DuPage County, Illinois. A motion predicated on privilege from arrest was granted and the complaint dismissed.

Subsequently, a complaint was filed under a new case number charging the defendant with the same offense. The complaint and warrant were served upon him during the recess of a jury trial being held in Wheaton, Illinois, at which trial the defendant was the attorney representing one of the parties to a lawsuit. The complaint was returnable June 26, 1967, at which time the defendant, by his attorney, entered a general appearance and executed a waiver of trial by jury, which read as follows:

> "Now comes the above named defendant, in his own proper person, and here states that he has been fully advised of his right to Trial by Jury; that he waives same and elects to be tried by the Court."

July 18 the defendant, by his attorney, filed a Motion to Quash the warrant on the grounds that the arrest was improper and illegal and was contrary to the provisions of the statute as follows:

Chapter 13, section 9 (Ill Rev Stats 1965):

"All attorneys and counselors at law, judges, clerks and sheriffs, and all other officers of the several courts within this state, shall be liable to be arrested and held to bail. and shall be subject to the same legal process, and may in all respects be prosecuted and proceeded against in the same courts and in the same manner as other persons are, any law, usage or custom to the contrary notwithstanding: Provided, nevertheless, said judges, counselors or attorneys, clerks, sheriffs and other officers of said courts, shall be privileged from arrest while attending courts, and whilst going to and return from court."

Chapter 38, section 107.7 (Ill Rev Stats 1965):

. . . . . .

"(d) Judges, attorneys, clerks, sheriffs, and other court officers shall be privileged from arrest while attending court and while going to and returning from court."

On August 25 the Motion to Quash was denied and the defendant was found guilty of a speeding charge and fined $10 plus costs. It is from this order that the appeal is taken.

 The claim of privilege from arrest is waived by the failure of the defendant to insist upon it at the first opportunity. Wilson v. Nettleton, 12 Ill 61, 63 (1850).

 The question to be determined by this court is whether or not privilege was urged at the first opportuni-

ty. In the light of the chronological events herein recited, we are of the opinion that the entry of a general appearance and waiver of trial by jury is inconsistent with the principle that privilege must be urged at the first opportunity.

We find that privilege was waived and that the order of the trial court was correct.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.