THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WENDELL W. CLANCY, Defendant-Appellee.

(No. 73-213; ▮▮▮▮▮▮▮▮▮▮

Second District—September 11, 1974.

John J. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of counsel), for the People.

Gates W. Clancy, of Geneva, for appellee.

JUDGE EOVALDI delivered the opinion of the court:

This is an appeal from the decision of the Circuit Court of the Eighteenth Judicial Circuit, DuPage, County, Illinois, Helen Kinney, Judge Presiding, dismissing the People's charge of an alleged traffic violation of exceeding the speed limit.

The facts are not in dispute. Defendant is an attorney engaged in the active practice of law. On February 16, 1973, he was traveling to the courthouse in Wheaton concerning two court matters for which he was the attorney of record. On notice from a State trooper, defendant stopped his vehicle and advised the officer that he was an attorney on his way to court. The trooper informed the defendant that if he intended to post his operator's license he could wait, as it would not take too long. The trooper completed the ticket and took the defendant's license as bail.

On March 12, 1973, defendant appeared by his attorney in the Elmhurst Branch Court of the Eighteenth Judicial Circuit and orally moved that the trial court quash the ticket and warrant on the grounds of

privilege from arrest. The People moved that the defendant's motion be made in writing. The cause was continued to March 21, 1973, for ruling.

Thereafter, defendant filed a written motion praying that an order be entered quashing the arrest, warrant, and ticket and that said matter be dismissed with prejudice. The People filed an answer praying that the court dismiss the motion or in the alternative to set the matter for hearing. On March 21, 1973, the court entered an order reciting "that above cause be and is hereby dismissed on defendant's claim of privilege."

From that order the People have appealed and contend that the issues for review are: Does the privilege from arrest while traveling to court carry a resulting sanction of immunity from prosecution where that privilege is violated? and Does the applicable statute provide for a motion to dismiss the subject matter on the grounds that the privilege from arrest was violated?

The defendant disputes the nature of the case as presented by the People and contends that any question of abuse of privilege from arrest resulting in immunity from prosecution is not an issue since there was no such finding in the trial court. He contends that the only issue presented for review is: Was the order of dismissal entered in the trial court on defendant's claim of privilege under the admitted facts correct?

We agree with the defendant's contention. Both section 107—7(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 107—7(d) and section 9 of the act on attorneys (Ill. Rev. Stat. 1973, ch. 13, par. 9) provide that attorneys shall be privileged from arrest while attending court and while going to and returning from court. Although this privilege can be waived (*Wilson v. Nettleton*, 12 Ill. 61; *People v. Rickelman*, 99 Ill.App.2d 136, 240 N.E.2d 708), the privilege was not waived in this case. The facts are that the privilege was urged at the earliest opportunity and was reasserted at the call of the case in court.

■■ The People contend that since section 114—1 through 114—14 the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, pars. 114—1 through 114—14) lack a specific provision for a motion to dismiss based on a violation of the privilege from arrest, a defendant cannot raise the point by a motion to dismiss. The committee comments to the Smith-Hurd Annotated Edition of the Illinois Revised Statutes (S.H.A., ch. 38, par. 114—1 (1970)) that under section 114—1, the problems of the motion to quash, plea in abatement, and plea in bar are combined and dealt with by a motion to dismiss. We hold that a motion to dismiss is a proper way to invoke the privilege from arrest.

While we feel that an advisory opinion in this case as to whether or not the attorney's privilege from arrest while traveling to court carries

16

a resulting sanction of immunity from prosecution where that privilege is violated would be only obiter dicta, we call attention to the fact that in the case at bar the circuit court did not rule that the dismissal constituted a bar to further prosecution. Also, the case of *People v. Rickelman, supra,* held that where a motion predicated on privilege from arrest was granted and the complaint dismissed, a conviction on a subsequently filed complaint for the same offense would be upheld.

■■ We find that the judgment of the circuit court was correct and that judgment is hereby affirmed.

DIXON and SCOTT, JJ., concur.