THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MONROE L. FLINN, Defendant-Appellant.

Fifth District   No. 76-175

Opinion filed March 15, 1977.—Rehearing dismissed April 28, 1977.

358

Calvo and Guzzardo, of Granite City (Paul A. Guzzardo, of counsel), for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Monroe L. Flinn, was found guilty after a bench trial in the circuit court of Montgomery County, of speeding and he was fined $65. Defendant appeals the judgment entered, contending that because of his status as an Illinois State Legislator returning home from a legislative session, he was privileged from arrest.

Defendant, as a member of the Illinois General Assembly, had attended a legislative business meeting in Springfield and was driving home on Interstate 55. State Trooper Charles Graden conducted a radar check of defendant's vehicle and determined its speed to be 84 miles per hour in a 55 mile per hour zone. The officer turned on his vehicle's headlights and red flasher lights and stopped defendant. Defendant immediately identified himself as a member of the General Assembly and he asserted a privilege from arrest. Despite the asserted privilege, the officer issued defendant a speeding citation and took his driver's license as bond.

Thereafter, defendant filed a *pro se* motion to dismiss the traffic citation which the trial court granted. A week later, however, an information was filed charging that defendant drove a motor vehicle upon a highway at a speed of 84 miles per hour in a 55 mile per hour zone in violation of section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(b)). Defendant filed a "limited appearance and motion to quash" the information. The trial court denied this motion, ruling that the privilege from arrest does not amount to a privilege from prosecution.

At trial, the State presented the evidence outlined above. Defendant presented no evidence and was found guilty.

The sole issue presented for review by defendant is whether certain evidence presented at trial was inadmissible as the "fruit" of an illegal arrest. The State responds by contending that the issue is waived since it was not raised in defendant's post-trial motion. Examination of the motion shows, however, that the issue was in fact properly preserved.

Turning to the merits of defendant's contention, he argues first that his timely assertion of a privilege from arrest rendered that arrest illegal. He does not dispute the trial court's ruling that this privilege does not bar a subsequent prosecution under the information filed but defendant does argue that in such a prosecution an exclusionary rule should apply so that evidence which was a product of the allegedly illegal arrest should have been held inadmissible. The evidence in issue was the officer's

identification of defendant which defendant argues was a direct result of the allegedly illegal arrest. The State, in addition to disputing the appropriateness of applying an exclusionary rule, also disputes defendant's premise that he was privileged from the arrest herein.

We find the question of whether defendant was privileged from the instant arrest dispositive of this case.

Defendant's asserted privilege from arrest stems from article 4, section 12 of the Illinois Constitution:

> "Except in cases of treason, felony or breach of peace, a member shall be privileged from arrest going to, during, and returning from sessions of the General Assembly. A member shall not be held to answer before any other tribunal for any speech or debate, written or oral, in either house. These immunities shall apply to committee and legislative commission proceedings."

The privilege from arrest is codified in section 107—7(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 107—7(b)):

> "Senators and representatives shall, in all cases, except treason, felony or breach of the peace, be privileged from arrest during the session of the General Assembly, and in going to and returning from the same."

Illinois courts have not before had occasion to address an issue regarding legislative privilege from arrest. Defendant therefore relies by analogy on *People v. Rickelman*, 99 Ill. App. 2d 136, 246 N.E.2d 708, and *People v. Clancy*, 22 Ill. App. 3d 14, 316 N.E.2d 563. In these cases, both arising from arrests for speeding, our courts have considered an attorney's privilege from arrest pursuant to section 107—7(d) of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 107—7(d)), which provides that:

> "Judges, attorneys, clerks, sheriffs, and other court officers shall be privileged from arrest while attending court and while going to and returning from court."

In *Rickelman*, the court found that the defendant attorney waived his privilege by entering a general appearance and waiving jury trial. In *Clancy*, the court held that if the privilege is timely asserted by the holder of it, dismissal of the cause is proper.

We find that defendant's reliance on *Rickelman* and *Clancy* is to no avail since section 107—7(d) underlying those decisions does not contain the limiting clause "except treason, felony or breach of peace." The difference is crucial. Consideration of a legislator's privilege from arrest based upon both constitution and statute must of necessity involve a delineation of the broad exception incorporated therein.

■■ Defendant by his argument on appeal presumes that his conduct for which he was arrested, falls not within the ambit of any of the terms,

"treason, felony or breach of peace." "Breach of the peace" however, had not originally the same meaning as "disturbing the peace" as it might be thought of in modern usage, but is derived from "breaching the King's peace," a term embracing the whole range of crimes at common law. *Williamson v. United States* (1908), 207 U.S. 425, 52 L. Ed. 278, 28 S. Ct. 163; *United States v. Brewster* (1972), 408 U.S. 501, 33 L. Ed. 2d 507, 92 S. Ct. 2531.

The limiting clause "treason, felony or breach of peace" has its roots in English legal history where it was used to express an exception to the parliamentary privilege from arrest so as to exclude from the operation of that privilege *all* criminal arrests.

> "[I]t seems to have been understood that no privilege was allowable to the members * * * in any *crime* whatsoever, for all crimes are treated by the law as being *contra pacem domini regis.*" (1 W. Blackstone, Commentaries, ch. 2, *166.)

Measured upon this common law standard, traffic violations, practically all of which are misdemeanors in Illinois (Ill. Rev. Stat. 1975, ch. 95½, par. 3—834), fall within a "breach of the peace" especially since such violations lead to disorder and they endanger the lives and security of the people of the State.

■■ The Constitution of the United States contains a provision analogous to that which we here interpret. It provides:

> "The Senators and Representatives * * * shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of the respective Houses, and in going to and returning from the same * * *." (U.S. Const., art. I, § 6.)

Cases interpreting the exception have held that the framers of the United States Constitution intended to exclude all crimes from the protection afforded by the privilege. (*Williamson v. United States* (1908), 207 U.S. 425, 52 L. Ed. 278, 28 S. Ct. 163, *Long v. Ansell* (1934), 293 U.S. 76, 79 L. Ed. 208, 55 S. Ct. 21; see also *United States v. Brewster*, (1972), 408 U.S. 501, 33 L. Ed. 2d 507, 92 S. Ct. 2531.) Cases construing analogous language in State constitutions have also held that the exception effects an exclusion of all crimes from operation of the privilege. See *Swope v. Commonwealth* (Ky. 1964), 385 S.W.2d 57; *In re Application of Emmett* (1932), 120 Cal. App. 349, 7 P.2d 1096.

The framers of the Illinois Constitution of 1970 granted the same legislative immunities to legislators as those contained in article IV, section 14 of the 1870 Constitution. (Ill. Ann. Stat. Const. art. IV, § 12, Constitutional Commentary, at 242 (Smith-Hurd 1971).) By incorporating the language "[e]xcept in cases of treason, felony or breach of peace" (Ill.

Const. 1970, art. IV, § 12), they intended to limit the legislative privilege only to affording protection against arrests of a civil nature. (4 Record of Proceedings, Sixth Illinois Constitutional Convention 2707 hereinafter cited as Proceedings; 6 Proceedings 1393.) Their design was not to allow public employment to be a sanctuary for crime but instead to support the rights of the people of this State by protecting their legislators from harassment and permitting them to go about their official business without being unreasonably detained at the time of a civil arrest. Similarly, the exemption provided legislators from arrest by section 107—7(b) of the Code of Criminal Procedure by incorporating the same exception thereto affords protection only from civil arrest.

While in former times the privilege from civil arrest may have been of special benefit, that benefit has been reduced although not eliminated by changes in the law. Nonetheless, in Illinois arrest on a *capias ad satisfaciendum* and imprisonment for debt are available remedies under certain circumstances. (Ill. Rev. Stat. 1975, ch. 72, par. 1 *et seq.*; ch. 77, pars. 65, 67, 68; *Highway Trailer Industries, Inc. v. Lowther*, 75 Ill. App. 2d 87, 221 N.E.2d 23.) In addition, arrest and imprisonment may be imposed for civil contempt of court.

■■ In the case at bar, defendant had not suffered a civil arrest. He asserted a privilege from arrest for speeding. We find that he had no such privilege, and thus we need not consider whether the evidence resulting from the otherwise lawful arrest should have been excluded.

For the foregoing reasons, we affirm the judgment entered by the circuit court of Montgomery County.

Affirmed.

G. J. MORAN and JONES, JJ., concur.