THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BRENT D. HOLMES, Defendant-Appellee.

Fourth District No. 16406

Opinion filed December 1, 1980.

Paul C. Komada, State's Attorney, of Charleston (Michael S. Marsh, Assistant State's Attorney, of counsel), for the People.

M. John Hefner, of Harlan Heller, Ltd., of Mattoon, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant Brent Holmes, an attorney, was stopped by a police officer for driving a car which displayed an expired vehicle registration sticker on its license plate, in violation of the Illinois Vehicle Title & Registration Law (Ill. Rev. Stat. 1979, ch. 95½, par. 3—701(1)). Defendant was en route to court at the time, and, upon being stopped, asserted the statutory privilege of attorneys from arrest while traveling to court (Ill. Rev. Stat. 1979, ch. 38, par. 107—7(d); Ill. Rev. Stat. 1979, ch. 13, par. 9). The police officer requested defendant's driver's license, and, upon being given the license, allowed defendant to proceed to court. The officer told defendant to pick up a traffic citation at the police station after he was finished with his court business. Defendant went to the police station after court, where he was required to post bond or to allow the police to retain his driver's license in lieu of bond (Ill. Rev. Stat. 1979, ch. 110A, par. 526(a)).

Defendant filed a motion to dismiss the traffic citation based on the statutory privilege previously asserted. The trial court granted defendant's motion and dismissed the traffic ticket without prejudice. A complaint was subsequently filed alleging the same violation as had been previously dismissed. The defendant again filed a motion to dismiss based upon the attorney privilege from arrest while traveling to and from court. A hearing was held on defendant's motion, and the trial court dismissed the complaint with prejudice, from which order the State has appealed.

The question before this court is whether a technical violation of the statutory attorney privilege can properly be the basis for granting the attorney immunity from prosecution for the underlying actions upon which the arrest was based. The statute does not grant such an immunity.

The privilege at issue appears in two separate statutes. In the Criminal Code of 1961, the provision states:

"Persons Exempt from Arrest. * * *

* * *

(d) Judges, attorneys, clerks, sheriffs, and other court officers shall be privileged from arrest while attending court and while going to and returning from court." Ill. Rev. Stat. 1979, ch. 38, par. 107—7(d).

The second provision, contained in the statutes governing attorneys and counselors at law, states:

"Arrest - Privilege

All attorneys and counselors at law, judges, clerks and sheriffs, and all other officers of the several courts within this state, shall be liable to be arrested and held to bail, and shall be subject to the

same legal process, and may in all respects be prosecuted and proceeded against in the same courts and in the same manner as other persons are, any law, usage or custom to the contrary notwithstanding: Provided, nevertheless, said judges, counselors or attorneys, clerks, sheriffs and other officers of said courts, shall be privileged from arrest while attending courts, and whilst going to and returning from court." Ill. Rev. Stat. 1979, ch. 13, par. 9.

The parties argue whether the defendant was "arrested" within the meaning of these statutes. We need not reach nor decide that issue. Even assuming that the momentary stop or the issuance of the traffic ticket to defendant constituted an arrest within the meaning of the privilege statute, the trial court was in error in remedying that mere technical violation of the statute with the powerful remedy of immunity from prosecution.

The attorney privilege from arrest is not a constitutional right nor a right of constitutional dimension. The privilege was not intended to give attorneys an immunity from prosecution to which no other citizen is entitled. The plain meaning of the statute grants attorneys a privilege from arrest under limited circumstances, not a privilege from prosecution. While little case precedent exists discussing this statutory privilege, an analogous privilege, the immunity of attorneys from service of process while attending court, was discussed by Justice Stone in his opinion in *Lamb v. Schmitt* (1932), 285 U.S. 222, 76 L. Ed. 720, 52 S. Ct. 317. In that opinion he discussed the reason for that privilege, a rationale which is also applicable to the statutory privilege from arrest. In Justice Stone's words:

"The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself. [Citations.] As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation. [Citation.] In Stewart v. Ramsay, the court said (p. 130), quoting from Parker v. Hotchkiss (c.c.) 1 Wall. Jr. 269, Fed. Cas. 10,739:

'The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process

while attending upon the court for the protection of his rights, or the witness while attending to testify.'

It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require." 285 U.S. 222, 225, 76 L. Ed. 720, 722-23, 52 S. Ct. 317, 318.

Judicial necessity does not require immunity from prosecution. Defendant was not detained beyond the minimum time necessary to obtain his driver's license. He does not allege and it certainly does not appear that this "arrest" interfered in any way with defendant's ability to get to court on time or to carry out his business with the court. Defendant was told to come to the police station after he was finished with court, which he argues violated the privilege's prohibition from arrest while returning from court. The police did not wait for defendant outside the courtroom, and he was allowed to come to the police station to pick up the ticket at his leisure.

The only relevant Illinois case, *People v. Clancy* (1974), 22 Ill. App. 3d 14, 316 N.E.2d 563, discussed the issue of immunity from prosecution under this statute in what that court acknowledged was *dicta*. The court in *Clancy* did agree with our position that neither the language of the statute nor any provision of the Constitution supports defendant's contention that attorneys be immune from prosecution.

Reversed and remanded for further proceedings.

TRAPP, P. J., and WEBBER, J., concur.