## STATE OF FLORIDA v RAMOS
### Case No. 76651 IP
County Court, Dade County

December 19, 1989

### APPEARANCES OF COUNSEL

**John Rodriguez** and **Robert Lohlein,** Assistant State Attorneys, for plaintiff.

**Teri Ann Miller,** for defendant.

### OPINION OF THE COURT

JUAN RAMIREZ, JR., County Judge.

### *ORDER ON MOTION TO SUPPRESS*

THIS MATTER came before the Court on the defendant's Motion to Suppress the evidence against him on a charge of driving under the influence of alcohol (DUI). The basis for the motion is that the defendant was illegally stopped on a public highway by a uniformed officer employed by the Dade County School Board. After reviewing the testimony of the witnesses, argument of counsel and the law, this Court finds as follows:

On Sunday, July 30, 1989, at approximately 8:30 p.m., David

171

Steiger, a uniformed officer employed by the Dade County School Board, was travelling from one school to another, when he observed the defendant driving in what he considered to be a reckless manner. Immediately after the defendant was stopped, officers of the City of Coral Gables Police Department arrived and conducted a criminal investigation which led to his arrest for driving under the influence of alcohol.

Assuming that Mr. Steiger had the legal authority to stop the defendant, this court finds that he was driving in such an erratic manner that there was probable cause to make the stop. The court further finds that Mr. Steiger did not use the color of his office to detain the defendant. *Phoenix v State,* 455 So.2d 1024 (Fla. 1984).

The only remaining issue is whether Mr. Steiger had the authority to stop the defendant. Under 316.640, F.S. (1987), he was not a state, county nor municipal law enforcement officer authorized to enforce noncriminal traffic infractions. *State v Parsons,* 549 So.2d 761 (Fla. 3d DCA 1989).

In *Sturman v City of Golden Beach,* 355 So.2d 453, 455-6 (Fla. 3d DCA 1978), the court held private individuals may arrest any person who commits a misdemeanor in their presence when the misdemeanor amounts to a breach of the peace. *Edwards v State,* 13 F.S.2d 99 (19th Circuit, 1985) found that a DUI is a breach of the peace authorizing an off-duty officer to make a citizen's arrest. The testimony in this case, however, does not justify a detention of the defendant for DUI since he was not suspected of being impaired by alcohol until after he was stopped for reckless driving.

There is no case law in Florida as to whether reckless driving constitutes a breach of the peace. In *B.A.A. v State,* 333 So.2d 552 (Fla. 3d DCA 1976), the court defined breach of the peace as all violations of the public peace, order or decorum. "A breach of the peace includes the violation of any law enacted to preserve peace and good order." 333 So.2d at 554. The court held that soliciting or offering to commit prostitution constituted a breach of the peace.

Other states have found that a traffic violation can be considered a breach of the peace. Under the constitution of the state of Illinois, a legislator cannot be arrested going to, during or returning from a legislative session, except for cases of treason, felony or breach of the peace. In *People v Flinn,* 362 N.E.2d 3 (Ill. 5th DCA 1977), the court held that a traffic violation—speeding—was a breach of the peace, thus subjecting the legislator to prosecution.

172

Although *Edwards v State,*[1] 462 So.2d 581 (Fla. 4th DCA 1985) involved driving under the influence, the reasoning of the court is applicable here:

> We cannot think of a more apt illustration of such breach of the individual and collective peach of the people in Okeechobee County than to have a drunk driver at the wheel of a killing machine that is going all over the road and scaring oncoming drivers to death rather than killing them.

462 So.2d at 582.

The driving pattern of the defendant in this case was no less dangerous and potentially lethal than in *Edwards.* The safety of persons and property is a key element in breaching the peace. In *Bradshaw v State,* 286 So.2d 4, 8 (Fla. 1973), the Supreme Court upheld the authority of the police to prevent a breach of the peace after expressing concern for injury to innocent bystanders.

Defense counsel's reliance on *Schacter v State,* 338 So.2d 269 (Fla. 3d DCA 1976) is misplaced. There the officer, dressed in civilian clothes, observed the defendant to make a right turn without coming to a complete stop. Although a chase ensued, the court reasoned that the officer could not detain the defendant for the initial traffic infraction. His attempt to stop the defendant while in civilian clothes, not the defendant's driving pattern, caused the chase. *Sturman v City of Golden Beach,* 355 So.2d 453, at 456 (Fla. 3d DCA 1978) agrees with this interpretation.

Therefore, this court holds that reckless driving constitutes a breach of the peace authorizing the School Board employee to make a citizen's arrest. The motion to suppress is denied.

DONE AND ORDERED this 19th day of December, 1989, at Miami, Florida.

---

[1] This is a different *Edwards* case than cited above.