THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE P. LYNCH, Defendant-Appellant.

Second District    No. 2—93—1112

Opinion filed September 27, 1994.

George P. Lynch, of Downers Grove, appellant *pro se.*

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, attorney George P. Lynch, appeals from the circuit court's denial of his post-judgment motions in which he reasserted an attorney's statutory privilege against arrest while "going to and returning from court" as the basis for dismissing a speeding complaint issued against him. 705 ILCS 205/9 (West 1992); Ill. Rev. Stat. 1991, ch. 38, par. 107—7(d) (now 725 ILCS 5/107—7(d) (West 1992)).

Prior to trial, defendant obtained a hearing on his motion to dismiss the complaint in which he testified that he was stopped by a police officer for a speeding violation while defendant was on his way to the courthouse in Du Page County at about 11:50 a.m. on November 12, 1991. Defendant testified that he informed the officer that he was immune from arrest. Defendant was detained for about 10 minutes while the officer wrote the ticket; defendant gave the officer a bond card and proceeded to a court hearing which was to commence either at 1 p.m. or at 1:30 p.m. The officer testified that defendant did not inform her that he was an attorney on his way to court until after she issued the citation. The remaining facts are known to the parties and only those facts pertinent to a resolution of this appeal will be discussed as needed.

On appeal, defendant argues that it was error for the trial court to deny his motion to dismiss the speeding complaint because he was immune from arrest while traveling to court; he specifically claims that the court erred because it found that defendant had not been "arrested." Defendant claims that the trial court's ruling is contrary to *People v. Clancy* (1974), 22 Ill. App. 3d 14, where the reviewing court affirmed the trial court's decision to dismiss a traffic complaint with prejudice when the attorney timely asserted the privilege from arrest. There, the attorney immediately informed the officer that he was an attorney on his way to court when he was stopped for a speeding violation. The officer completed the ticket and took the defendant's license as bail. In affirming, the *Clancy* court noted that

the defendant asserted the privilege at the earliest opportunity, and the court held that a motion to dismiss was the proper way to invoke the privilege. The court also observed in *dictum*, however, that an assertion of the privilege would not necessarily bar further prosecution, citing *People v. Rickelman* (1968), 99 Ill. App. 2d 136 (attorney's privilege was waived when not reasserted at the first opportunity). Defendant here does not claim that he is immune from prosecution, but only claims that the arrest was improper and that the specific prosecution must be barred as it is tainted with a violation of the privilege.

After considering the entire context of the trial court's initial decision following the evidentiary hearing, we believe that the trial court's denial of defendant's motion to reconsider must be affirmed. The trial court did not merely conclude that defendant had not been "arrested," but also examined the circumstances of defendant's detention and found that it was not an "arrest" within the statutory provision. The court first noted the discrepancy between defendant's testimony and the officer's testimony as to when defendant first asserted his privilege from arrest to the officer. It was for the trial court, as finder of fact, to resolve any conflicts in the evidence, and we will not substitute our judgment therefor. (See *People v. Walker* (1993), 253 Ill. App. 3d 93, 103-04 (motion to suppress); *People v. Cages* (1980), 82 Ill. App. 3d 900, 905 (defendant's waiver of privilege against self-incrimination).) The court also pointed out that defendant was only delayed on his way to court by 10 minutes over the noon hour and the court proceeding would not convene for 1 to 1½ hours. It can be inferred from the court's comments that the delay was so slight that it did not interfere with the business of defendant and the court. The trial court concluded defendant did not meet his evidentiary burden and denied the motion.

Based on the trial court's consideration of the evidence, some of which was conflicting, we conclude the trial court's finding that the defendant did not assert his privilege at the earliest opportunity is not against the manifest weight of the evidence. Additionally, we cannot conclude that judicial necessity required dismissal of the complaint because there was no showing that defendant's alleged arrest interfered in any way with defendant's ability to appear and accomplish his business with the court (see *People v. Holmes* (1980), 90 Ill. App. 3d 606 (privilege from arrest did not grant immunity from prosecution; privilege narrowly construed based on judicial necessity where detention was brief and did not interfere with business of the court)).

Because we have found two reasons why the trial court's decision

may be affirmed, we deem the issue of whether there was an "arrest" moot. (See *People v. Holmes* (1980), 90 Ill. App. 3d 606, 608.) Normally, an officer faced with an attorney's or judicial officer's timely assertion of the privilege from arrest should obtain the requisite information from the one asserting the privilege, make arrangements for the complaint to be issued later against the accused, and promptly permit the accused to go on his way. Even so, under the factual circumstances present here, the trial court could properly find that the privilege was not available to defendant. Compare *Holmes*, 90 Ill. App. 3d at 607.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GEIGER and QUETSCH, JJ., concur.